[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Tony Smith, appeals from his conviction for one count of aggravated robbery and one count of robbery, violations of R.C. 2911.01(A)(1) and 2911.02(A)(2), respectively.
Smith's first two assignments of error concern the failure to appear by a defense witness. The trial court had issued a body attachment at the beginning of the trial and had earlier granted a defense request for a continuance after the witness had failed to appear. Smith argues that the trial court had a duty, sua sponte, to take additional steps to secure the witness. Smith also argues that he was denied effective assistance of counsel because his trial attorney failed to request a continuance at the close of the state's case to allow additional time to locate the witness.
As argued by the state, the court was under no duty to make an additional effort to secure the missing witness, who apparently did not wish to be found. Nor does the record support Smith's contention that the court required the defense to rest before securing the witness. With respect to the claim of ineffective assistance of counsel, because the record does not demonstrate how the missing witness would have testified, we cannot say that anything the trial attorney might have failed to do to obtain the testimony was prejudicial. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Obviously, such a claim depends upon evidence dehors the record and therefore is more appropriately presented in a petition for postconviction relief.
In his third assignment of error, Smith argues that the prosecutor engaged in misconduct by misstating the evidence in closing argument. Specifically, Smith argues that the prosecutor misstated the evidence by arguing that he had threatened to decapitate his robbery victim. The victim testified, however, that Smith had done exactly that, telling the victim that he was going to "chop [his] fuckin' head off." Also, Smith argues that the prosecutor engaged in misconduct by arguing that he had lied to the police. The prosecutor's argument, however, was not expressed as a personal observation but, rather, as an inference to be drawn from the evidence. Finally, Smith argues that the prosecutor persisted in an improper line of questioning; however, our review of the record shows that the prosecutor's persistence was not to suborn objectionable testimony but to clear up any confusion created by the court's rulings on objections.
In his fourth assignment of error, Smith argues that his convictions were contrary to the manifest weight of the evidence. Having reviewed the proceedings, however, we cannot find any basis, even sitting as a "thirteenth juror," to conclude that the jury either lost its way or committed a manifest miscarriage of justice when it found Smith guilty.State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.